# Pittsburgh Junction Railroad Company, Plff. in Err., *v.* William McCutcheon.

## Same *v.* George Smith.

In an action to recover damages to land from the wrongful and unlawful construction and use of a railroad,—*Held*, that it was proper for the court at the trial term to allow plaintiff to withdraw his original and substitute an amended declaration conceding the lawful construction of the road and asking to recover by virtue of the constitutional obligation of defendant to make compensation for property taken, injured, or destroyed.

*Held*, also, that under the new Constitution plaintiff was entitled to compensation for all the damages, direct or consequential, which he suffered or might suffer in consequence of the building and operation of defendant's road, including depreciation of rental value, difficulty of access, inconvenience, and danger of fires.

(Argued November 12, 1886.   Decided November 15, 1886.)

October Term, 1886, Nos. 174 and 228, before GORDON, PAXSON, TRUNKEY, GREEN, and CLARK, JJ.   Error to the Common Pleas No. 1 of Allegheny County to review a judgment on a verdict for plaintiff in an action of trespass in case to recover damages to land from the construction and use of a railroad. Affirmed.

Under ordinances of the city of Pittsburgh of November 21, 1881, and July 30, 1883, the Pittsburgh Junction Railroad Company was granted the right of way for its railroad from the Monongahela river to the Allegheny river over a route described in such ordinances, the latter of which provided for the building of an elevated railroad along Thirty-third street of the width of the cart way of such street, and fifteen feet in height, crossing intervening streets and reaching the Allegheny river at the foot of Thirty-third street, to be constructed in such a

NOTE.—Damages arising from danger from fire are properly included where property is taken under the power of eminent domain. Hoffman v. Bloomsburg & S. R. Co. 143 Pa. 503, 22 Atl. 823. It is to be considered in determining what depreciation occurs in the value of the property taken, but not as a separate item of damage. Comstock v. Clearfield & M. R. Co. 169 Pa. 582, 32 Atl. 431.

manner as not to interfere with the public travel upon the street.

The plaintiff, McCutcheon, was in possession as lessee of property on Thirty-third street, through which this railroad passed. He had erected on such property three dwellings which were owned by him under the terms of the lease. The lease which was made in 1869 was to expire in February, 1884. In the year 1882, prior to the commencement of the construction of this railroad, McCutcheon had made a verbal agreement with the agent of the owner of the property to renew his lease and to pay therefor an increased annual rental. This new lease was signed December 8, 1883.

Plaintiff brought this action November 29, 1884, to recover damages to his leasehold.

The declaration alleged that defendant had wrongfully, unjustly, and without legal right taken possession of such street, and had wrongfully and improperly built such bridge work so as to greatly interfere with, hinder, and delay public travel, and to deprive the plaintiff of the use of said premises, and to injure and destroy the same, and that by reason of the unlawful, improper, and negligent construction and operation of said railroad plaintiff has suffered, etc.

When the case came up for trial at April term, 1886, counsel for plaintiff offered to file an amended declaration, wherein the lawfulness of the construction was virtually conceded, and that it had been properly and carefully built and operated, and sought recovery by virtue of the constitutional obligation of defendant to make compensation for property taken, injured, or destroyed. The allowance of this amendment was objected to by defendant, on the ground that it was a substantial change of the cause of action set forth in the original declaration.

The court, STOWE, P. J., overruled the objection, saying:

"We think the substantial cause of action in this case is the occupation of the street to the damage of plaintiff; and while it is true the alleged incidents are different, the gist of the cause remains the same. We think we have the right to allow plaintiff to withdraw his original *narr.* and substitute the one now offered."

At the trial plaintiff offered to prove by witnesses the manner and extent to which the property was injuriously affected

by the construction of the railroad, as to the amount of the depreciation in the rental value, etc. These offers were admitted, over defendant's objection. The court charged the jury, *inter alia,* as follows:

"The rule in this case, as in other cases of a similar character coming here through the assessment of viewers as to damages, is that the plaintiff is to receive compensation for the loss he has actually sustained, and that is in a general way suggested by the statement that the damage is what this property was worth or would yield less, during the term of his lease, with this railroad built upon it, as it is, and operated as railroads ordinarily are, than it would be worth if it had never been put there. In other words, How much is the property worth, or how much would it have yielded during the term without the railroad, and how much less will it yield in all probability, so far as we can foresee under the testimony, with the railroad there and operated in the ordinary way—locomotives running over it, shaking the buildings, making smoke and dirt, and affecting by this annoyance the value of the property, as the evidence seems to indicate it does, more or less? Whatever that is, the plaintiff is entitled to recover. . .. .

"The inconvenience arising from the increased difficulty of access to the property; the ordinary danger from accidental fires to the buildings, not resulting from negligence, and generally all such matters as, owing to the peculiar location of the road, may affect the convenient use and future enjoyment of the property, are proper subjects for consideration. . . .

"Now we come to the loss of rent by the construction and operation of the road, and that seems to be the main element here. It seems to me there is no way of getting at the damage to the plaintiff, other than to give him an amount sufficient to make up for his loss of rent, supposing he has established, as he must, to the satisfaction of the jury that he sustained some loss. . . . Then, so far as I can see, his actual loss would be just the amount of rent—the difference between what he will get, so far as you can foresee, and what he would have gotten, so far as the evidence shows, if the railroad had not been built."

Defendant, *inter alia,* presented the following points:

1. That no damages can be recovered in this action for injuries resulting from the operation of the road after its construction.

*Ans.* Refused.

2. That under the evidence the plaintiff can only recover in this action for injury resulting from the construction of the road during the unexpired portion of his first term—that is, for such damages as he may have sustained between March 19, 1883, the date of the location, and February 1, 1884, at which latter date his first lease expired.

*Ans.* Refused.

3. That the plaintiff can recover damages only for such injuries as would have been actionable at common law, had the defendant proceeded without legislative authority; and that damages arising from noise, smoke, and dirt, in the passage and repassage of trains upon the road, are not peculiar and special to plaintiff, but are in the nature of common annoyances, for which a right of action at common law would not lie in favor of an individual, and are, therefore, not to be taken into consideration in estimating plaintiff's damages in this case.

*Ans.* Refused.

4. That any verbal agreement between the plaintiff and the owner of the fee, in respect to the renewal of the leasehold term for another period of ten years, is void under the statute of frauds, and created no right in plaintiff, nor imposed any legal obligation upon the owner of the fee; and therefore any right of the plaintiff in the renewed term could not arise under the evidence before the written agreement of Dcember 8, 1883, in evidence; and this being subsequent to the location of defendant's road, the plaintiff took the renewed term subject to the defendant's road, and is not entitled to damages sustained to the renewed term.

*Ans.* Refused.

The jury returned a verdict for the plaintiff for $1,116.72, on which judgment was entered; and defendant took this writ, assigning as error the action of the court in overruling his objections to the filing of the amended declaration, the admission of the evidence above stated, the portions of the charge and answers to defendant's points above quoted.

*Johns McCleave* and *W. B. Rodgers,* for plaintiffs in error.— The amended *narr.* changed the cause of action and it was error in the court to allow it.   Farmers' & M. Bank v. Israel, 6 Serg. & R. 293; Gardner v. Post, 43 Pa. 19; Royse v. May, 93 Pa.

454; Root v. O'Neil, 24 Pa. 326; Trego v. Lewis, 58 Pa. 463; Tryon v. Miller, 1 Whart. 11; Winder v. Northampton Bank, 2 Pa. St. 446; Wright v. Hart, 44 Pa. 454; Smith v. Smith, 45 Pa. 403; Wood v. Anderson, 25 Pa. 407; Newlin v. Palmer, 11 Serg. & R. 98; McNair v. Compton, 35 Pa. 23; Tyrrill v. Lamb, 96 Pa. 464.

Damages were improperly allowed for the leasehold term purchased after the location of the railroad of the plaintiff in error. Pittsburgh, V. & C. R. Co. v. Com. 101 Pa. 196; Neal v. Pittsburgh & C. R. Co. 2 Grant, Cas. 137; Wadhams v. Lackawanna & B. R. Co. 42 Pa. 303; Beale v. Pennsylvania R. Co. 86 Pa. 509; Purdon's Digest, 1219, pl. 35; Neal v. Pittsburgh & C. R. Co. 31 Pa. 19; Zimmerman v. Union Canal Co. 1 Watts & S. 346; Schuylkill Nav. Co. v. Thoburn, 7 Serg. & R. 411; Schuylkill & S. Nav. Co. v. Decker, 2 Watts, 344; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; Tenbrooke v. Jahke, 77 Pa. 392; Memmert v. McKeen, 112 Pa. 315, 3 Cent. Rep. 383, 4 Atl. 542.

To sustain an action under § 8, art. 16, of the Constitution of 1874, the plaintiff musts how two things:

*a.* That his property has been "taken, injured, or destroyed" by a corporation or individual "invested with the privilege of taking private property for public use."

*b.* He must show that his property has been so "taken," or "injured," or "destroyed" by such corporation or individual in exercise of the privilege invested in the corporation to take private property for public use; that is, the injury must be by the exercise of the right of eminent domain. Edmundson v. Pittsburgh, M. & Y. R. Co. 111 Pa. 316, 1 Cent. Rep. 868, 2 Atl. 404.

The defendant has not taken private property, but only a public highway. 2 Dill. Mun. Corp. p. 538, 3d ed.; 1 Redf. Railways, 245, 5th ed.; West River Bridge Co. v. Dix, 6 How. 507, 12 L. ed. 535; Philadelphia & T. R. Co.'s Case, 6 Whart. 43, 36 Am. Dec. 202; Danville, H. & W. R. Co. v. Com. 73 Pa. 29; Snyder v. Pennsylvania R. Co. 55 Pa. 340.

There can be no claim for compensation except for injuries to property which would have been actionable at common law, produced by the construction or enlargement of the defendant's works. O'Connor v. Pittsburgh, 18 Pa. 190; North Vernon v. Voegler, 104 Ind. 314, 2 N. E. 821; Shrunk v. Schuylkill Nav.

Co. 14 Serg. & R. 82; Lehigh Bridge Co. v. Lehigh Coal & Nav. Co. 4 Rawle, 23, 26 Am. Dec. 111; Sunbury & E. R. Co. v. Hummell, 27 Pa. 103; Lehigh Valley R. Co. v. Trone, 28 Pa. 207; Watson v. Pittsburgh & C. R. Co. 37 Pa. 480; Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 204, 1 Cent. Rep. 884, 56 Am. Rep. 260, 2 Atl. 410; Rickets v. Metropolitan R. Co. L. R. 2 H. L. 175; Caledonia R. Co. v. Walker, L. R. 7 App. Cas. 259; Columbia Delaware Bridge Co. v. Geisse, 35 N. J. L. 558; Pierce, Railroads, p. 199; Hatch v. Vermont C. R. Co. 25 Vt. 49; Com. v. Erie & N. E. R. Co. 27 Pa. 339, 67 Am. Dec. 471; New Castle & F. R. Co. v. McChesney, 85 Pa. 522; Penny v. Southeastern R. Co. 7 El. & Bl. 660; Currier v. West Side Elev. Patent R. Co. 6 Blatchf. 487, Fed. Cas. No. 3,493; Presbrey v. Old Colony & N. R. Co. 103 Mass. 1; Stone v. Fairbury, P. & N. W. R. Co. 68 Ill. 394, 18 Am. Rep. 556; *Re* New York Elev. R. Co. 36 Hun, 427; Parrot v. Cincinnati, H. & D. R. Co. 10 Ohio St. 624; Story v. New York Elev. R. Co. 90 N. Y. 122, 43 Am. Rep. 146.

*A. M. Brown* and *M. H. Houseman,* for defendant in error.— The cause of action, as well as the form of action, remained the same after the additional count was filed as before, to wit: an action on the case to recover damages as compensation for the loss, injury, and destruction caused, in the depreciation of the value of the dwellings and premises owned and possessed by McCutcheon, by reason of the construction and operation of said railroad on the streets immediately in front of said property.    Steffy v. Carpenter, 37 Pa. 41; Cunningham v. Day, 2 Serg. & R. 1; Knapp v. Hartung, 73 Pa. 290; Smith v. Bellows, 77 Pa. 441; Miller v. Frazier, 3 Watts, 456; Downing v. Lindsay, 2 Pa. St. 382; Morris v. McNamee, 17 Pa. 173; Good Intent Co. v. Hartzell, 22 Pa. 277; Bavington v. Pittsburgh & S. R. Co. 34 Pa. 358; Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 204, 1 Cent. Rep. 884, 56 Am. Rep. 260, 2 Atl. 410; Bethlehem South Gas & Water Co. v. Yoder, 112 Pa. 136, 2 Cent. Rep. 599, 4 Atl. 42.

McCutcheon had a right to damages for the leasehold after the renewal of the first term.    Gilmore v. Pittsburgh, V. & C. R. Co. 104 Pa. 275.

The damages were properly allowed plaintiff under the new Constitution and decisions of this court.    Pusey v. Allegheny,

98 Pa. 522; Philadelphia & R. R. Co. v. Patent, 1 Sad. Rep. 467; Pennsylvania R. Co. v. Duncan, 111 Pa. 352, 2 Cent. Rep. 551, 5 Atl. 742; Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 204, 1 Cent. Rep. 884, 56 Am. Rep. 260, 2 Atl. 410; Philadelphia & R. R. Co. v. Getz, 113 Pa. 214, 5 Cent. Rep. 691, 6 Atl. 356; Gilmore v. Pittsburgh, V. & C. R. Co. 104 Pa. 275; Setzler v. Pennsylvania S. Valley R. Co. 112 Pa. 56, 2 Cent. Rep. 357, 4 Atl. 370.

PER CURIAM:

There is nothing in this case that requires a reversal of the court below. The amendment was properly allowed, and under the new Constitution the plaintiff was entitled to compensation for all the damages, direct or consequential, which he suffered or might suffer in consequence of the building and operation of the defendant's road. The judgment is affirmed.

Let a like judgment be entered in the case of the Pittsburgh Junction R. Co. v. George Smith, which was argued with the above.