# Geiger *v.* Madden, Appellant.

*Practice, C. P.—Pleading—Amendment of statement—Cause of action —Trespass—Shooting by policeman.*

1. In an action of trespass against a policeman to recover damages for the death of plaintiff's son, where the statement of claim charges that while the deceased was lawfully upon a public street, the defendant discharged a number of shots from a revolver "willfully and maliciously into the body" of the deceased, the court commits no error in permitting the statement to be amended so as to substitute the word "negligently" for the words "willfully and maliciously."

*Appeals—Assignments of error—Exceptions to charge of court.*

2. A stenographer's transcript of a charge was immediately followed by these words "counsel for defendant excepts to the charge of the court and the answer to point." The formal bill of exceptions, after-. wards sealed by the trial judge, and approved in writing by counsel of

both parties recited (after setting forth the charge, and the foregoing notation by the stenographer that) that "the counsel for the defendant did then and there except to the aforesaid charge." *Held*, (1) that it would be presumed that this general exception was taken immediately after the charge was delivered, and by "leave of the court," and (2) that under such an exception the defendant had a right to assign all actual errors of law contained in the charge.

*Negligence—Policeman—Shooting by policeman.*

3. In an action against a policeman to recover damages for the killing of plaintiff's son, a verdict and judgment for the plaintiff will be sustained, where it appears that at the time of the occurrence the defendant was in citizen's clothes; that the defendant seized and arrested the deceased, who broke away; that the defendant fired three shots, the last of which took effect, the bullet penetrating the deceased's spine below the shoulder; and there is nothing in the testimony to warrant the finding that deceased had committed or attempted to commit a felony, or that defendant had reasonable and probable cause for believing that he had done so.

4. In such a case, the defendant cannot complain of a portion of the charge in which the trial judge stated that the defendant was guilty of having negligently shot the deceased, where the evidence shows that the pistol must have been pointed directly at the deceased, or at such an angle that the bullet glanced from the pavement in his direction.

Argued Oct. 7, 1914. Appeal, No. 250, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 244, on verdict for plaintiff in case of John Geiger by his father and next friend, Franz H. Geiger, and Franz H. Geiger v. William E. Madden. Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ. Affirmed.

Trespass to recover damages for killing plaintiff's son. Before Sulzberger, J.

It appeared that the defendant was a police officer, and on July 6, 1910, while in citizen's clothes shot and killed the deceased after the latter had broken away from arrest.

The court charged in part as follows:
[I do not understand that there is any defense, except

that the shooting was not negligence, that it was just what a reasonable person would have done under the same circumstances. The argument on that subject is probably too futile to merit even consideration. All the world knows that when a man shoots for mere notice he shoots into the air and not upon the ground. Nobody but a fool chooses a public street for the purpose of pistol practice by shooting down to the ground. The police officer who has testified may or may not be telling the truth. My own belief is that he is not. Your belief may be different. My own belief is that he did not look where the man was shooting at all, that it is highly improbable that he looked, and that this is a mere imagination of his for the purpose of helping this fellow officer out, and he thought that shooting down to the ground was a nice way of doing it. As I say, I do not believe he shot down to the ground. I believe he shot straight ahead or else he would not have hit the man in the spine just below the shoulder. But whether he did or not makes no difference. He is not tried here on a charge of murder, though if justice had had her course he would have been tried in the criminal court on a charge of murder, and the arrogant assumption of some coroners that we have had, among others the recreant coroner of that day, to discharge a man who had killed another upon his own unsupported authority, was a monstrous violation of law and cannot be held to be in relief of a party in any case, either in a criminal or a civil suit.] [1] Coroners have no such rights.

[The defendant here therefore is undoubtedly guilty of having negligently shot the plaintiff, and he is therefore liable to pay damages.] [2] The charge that it was willful and malicious having been withdrawn and a charge of negligence having been substituted, punitive damages are not to be inflicted.

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Errors assigned* were (1, 2) portions of charge as above, quoting them, and (4) in allowing the amendment referred to in the opinion of the Superior Court.

*John H. Fow*, with him *Nathan M. Griffith*, for appellant.—There was no case for the jury: Zimmerman v. Adams Express Co., 240 Pa. 316; Com. v. Long, 17 Pa. Superior Ct. 641; Com. v. Pipes, 158 Pa. 25.

The amendment was improper: Lane v. Sayre Water Co., 220 Pa. 599; Grier v. Northern Assurance Co., 183 Pa. 334; Tyrrill v. Lamb, 96 Pa. 464; Moses v. Powers, 7 Pa. Dist. Rep. 401; Martin v. Pittsburg Rys. Co., 227 Pa. 18.

*Hugh Roberts*, for appellee.—No basis was laid for assignments of error to the charge: Curtis v. Winston, 186 Pa. 492; Leonard v. Leslie, 23 Pa. Superior Ct. 63; Warner v. R. R. Co., 39 Pa. Superior Ct. 282; Thomas v. Borden, 222 Pa. 184; Thompson v. Petriello, 33 Pa. Superior Ct. 651; Dietrich v. Farmers', etc., Ins. Co., 32 Pa. Superior Ct. 234.

The case was for the jury: Com. v. Rhoads, 23 Pa. Superior Ct. 512; Com. v. Loughhead, 218 Pa. 429.

The amendment was proper: Smith v. Bellows, 77 Pa. 441; Taylor v. Hanlon, 103 Pa. 504.

OPINION BY RICE, P. J., February 24, 1915:

In the statement of claim it was alleged that, while John Geiger was lawfully upon a public street and in the peace of the commonwealth, the defendant discharged a number of shots from a revolver "willfully and maliciously into the body of the said John Geiger," causing the injuries which were described, and that he died as the result of said injuries. At the outset of the trial the plaintiff was permitted, under objection and exception, to amend his statement by substituting "negligently" for "wilfully and maliciously." We cannot agree with counsel that by the allowance of this amendment a new and different cause of action was introduced. And, according to numerous authorities,

that is the test. The gist of the action, under the original statement, was the discharge of the shots into the body of Geiger.. Giving to the words of the statement a reasonable intendment, a tortious act was sufficiently alleged without the use of the words "wilfully and maliciously." By the amendment no change was made in the allegation of the time, place, physical nature, circumstances, or results of this tortious act. As already indicated, nothing was brought into the case that was not comprehended in the original statement, giving the words a reasonable intendment. There was, it is true, the withdrawal of matters of aggravation, but, as these were not essential to recovery under the statement, no substantial change in the cause of action was made. Moreover, the amendment operated to the benefit, rather than the prejudice, of the defendant, by limiting the recovery in the plaintiff's favor to compensatory damages only. While it has been held that the courts should never permit a party to shift his ground or enlarge its surface, by introducing an entirely new and different cause of action, when by reason of the statute of limitations or some other good reason it would work an injury to the opposite party (Trego v. Lewis, 58 Pa. 463), yet great liberality in the allowance of amendments which do not shift the ground of complaint, as, for example, from one contract or from one tort to another and different one, and do not enlarge the complaint beyond what was practically comprehended in the original pleading, has the just sanction of our statutes of amendment and a multitude of authoritative decisions. See Knapp v. Hartung, 73 Pa. 290; Joynes v. Penna. R. R. Co., 234 Pa. 321; Jackson v. Gunton, 26 Pa. Superior Ct. 203; and, particularly, Pitts. Junc. R. R. Co. v. McCutcheon, 18 W. N. C. 527, 4 Sadl. 245. Our conclusion is that the defendant has no reason to complain of the amendment allowed in the present case.

The remaining assignments of error relate to the

charge of the court and the negativing of the defendant's point for binding direction. The plaintiff's counsel contends that the charge of the court is not properly before us for review because the only exception taken to it is that which is noted immediately after the stenographer's transcript of it, in these words: "Counsel for defendant excepts to the charge of the court and the answer to point." But as the formal bill of exceptions afterwards sealed by the trial judge and approved in writing by counsel of both parties, recites (after setting forth the charge and the foregoing notation by the stenographer at the end) that "the counsel for the defendant did then and there except to the aforesaid charge," etc., it is to be presumed that this general exception was taken immediately after the charge was delivered and "by leave of the court." Under such an exception the defendant had a right to assign all actual errors of law contained in the charge: Mastel v. Walker, 246 Pa. 65. But we are of opinion that the court committed no error in the charge of which the defendant can justly complain. There was no material conflict of testimony, and, as the defendant did not see fit to testify, it is to be presumed for present purposes that he is willing to rest his case on the facts testified to by the witnesses, which substantially are as follows:

Between 4 and 5 o'clock on the afternoon of July 6, John Geiger, aged about eighteen years, was seen "working" at a lower cellar window of a private dwelling house in the middle of a block on North Franklin street in the city of Philadelphia. The witness who testified to this fact said he was "working at the lock," but when interrogated by the court he admitted that, as far as he knew, Geiger "was a carpenter repairing damages to the window-frame there." No other testimony upon that subject was introduced by either party. The importance of this indefiniteness of proof as to what Geiger was doing will appear later when we come to discussion of the lawfulness of the defendant's acts. A

companion of Geiger, named Lee, was standing near. The house apparently was occupied, and the place where Geiger was seen at work was on the street, and therefore he was in plain view of persons passing and repassing along the street. The defendant, who was a policeman in citizen's clothes, came to the corner of Franklin and Montgomery avenue, and, about ten minutes later, Geiger and Lee, whistling as they went, walked down the street to 'where Madden was standing. Madden seized both of them, but whether he told them that they were under arrest or that he was a policeman, and whether they knew he was a policeman, are facts upon which the testimony is silent. They broke away and Geiger ran down Montgomery avenue. Madden chased him, calling upon him to halt, but he ran on. Then Madden, while still pursuing him, drew a revolver and fired three shots. The plaintiff's witness testified that, in firing the first two shots, Madden pointed the weapon "down to the pavement," but the witness was unable to say how he pointed it when he fired the third shot. But a witness for the defendant testified that, in firing that shot, he "held the pistol in a downward position," but at what angle the witness did not undertake to state. The defendant could have thrown light on that question of fact, but he saw fit not to testify. At any rate, the uncontradicted testimony is that the third shot took effect, the bullet penetrating Geiger's spine below the shoulder, bringing him to the ground, and subsequently causing his death.

The law applicable to such a state of facts is not in doubt. One who flees from an attempted arrest does not, under all circumstances, forfeit his right to live. Taking human life in the name of the law is the punishment inflicted after conviction of our highest grade felony, and it would ill become the majesty of the law to justify such a sacrifice in order to prevent one charged with a mere misdemeanor from escaping: Com. v. Rhoads, 23 Pa. Superior Ct. 512; Wharton on Homi-

cide, 738. A fortiori it is not justified upon mere suspicion not based on reasonable and probable grounds. When the time, place, and circumstances are considered, there is no warrant in the testimony for a finding that Geiger had committed, or attempted to commit, a felony, or that defendant had such reasonable and probable cause for believing that he had as justified him in taking the life of Geiger in order to prevent his escape. The distinction between such a case and Zimmerman v. Adams Express Co., 240 Pa. 316, is manifest. In that case the arrest was made while the deceased was in the act of committing a felony, while in this case, as we have already pointed out, there is no warrant for a finding that the deceased had committed, or had attempted to commit, any criminal act. It follows that the affirmation of the defendant's point for binding direction would have been gross error.

It is argued that the court erred in charging the jury that the defendant was guilty of having negligently shot Geiger. This argument is based on the testimony of the defendant's witness to which we have already referred, that when Madden fired the third shot he "held the pistol in a downward position." This testimony, when considered in connection with the testimony as to the place where the bullet entered Geiger's body, scarcely warrants the inference that he pointed the pistol at the pavement instead of at Geiger. But granting that he pointed the pistol at the pavement, he must be deemed to have taken the chance of the bullet glancing and striking Geiger, and, as he had no lawful right to fire in his direction, with the probability of such consequences in view, the court committed no error of which he can complain, in saying that this was a negligent act. Characterizing it as a negligent act did the defendant no harm, for it might well have been characterized as a reckless act.

The assignments of error are overruled and the judgment is affirmed.