# Conyngham *v.* Erie Electric Motor Company.

*Negligence—Contributory negligence—Conflicting testimony of plaintiff and one of his own witnesses.*

Where a plaintiff's own testimony makes out a clear case, the contradictory testimony of one of his own witnesses will not destroy it. Possibly the jury might believe the plaintiff's own account rather than that of his witness, and he is entitled to have them do so if they will. The court cannot weigh the discrepancies and gauge the contradictions,—that is the specific function of the jury.

*Negligence—Contributory negligence—Province of court and jury.*

In order to justify the court in treating a question of contributory negligence as one of law, not only the facts but the inferences from them, must be free from doubt. If there is doubt as to either, the case must go to the jury.

*Negligence—Street railways—Crossings—" Stop, look and listen."*

Where a person approaching a grade crossing of a railway adopts a safe and prudent place to stop for the purpose of looking and listening, and does not see a car, it is his imperative duty to cross the track at reasonable speed. To loiter or stop at a less favorable position would increase his hazard and be convincing evidence of his contributory negligence.

In an action to recover damages for personal injuries against a street railway company, the plaintiff testified that when about twelve or fifteen feet away (from which place he could distinctly see both east and west along the track a distance of about 200 feet) he stopped his horse and looked in both directions, and there being no car in view, he then started forward on a good walk at the rate of about four miles an hour over a properly lighted street, and where he was well acquainted with his sur-

roundings. After the horse and forward part of the wagon had cleared the track, a rapidly moving car collided with the rear or hind wheel. There were marked contradictions in the evidence as to the distance the plaintiff was from the crossing when he stopped, whether he stopped at all, the speed of the car, the sounding of a gong, the presence of lights and the location of intervening objects. In some respects plaintiff's own testimony was contradicted by his own witnesses. The defendant's negligence was shown by the testimony of the motorman, who could have easily brought the car to a standstill within the distance he had to control it, if it had been moving at the speed mentioned. *Held,* that the case was for the jury, and that a judgment and verdict for plaintiff should be sustained.

Argued May 23, 1900. Appeal, No. 227, April T., 1900, by defendant, from judgment of C. P. Erie Co., Sept. T., 1899, No. 24, on verdict for plaintiff in case of John J. Conyngham v. Erie Electric Motor Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for personal injuries. Before WALLING, P. J.

At the trial it appeared that on the evening of April 13, 1899, between 9 and 10 o'clock, John J. Conyngham, the plaintiff, was driving a one-horse wagon across the defendant's tracks at the corner of Eleventh and Parade streets in the city of Erie, when a car running on Eleventh street collided with his wagon, and plaintiff was thrown into the street and injured. The circumstances of the accident are stated in the opinion of the Superior Court.

Defendant presented the following points.

1. That under the undisputed evidence in the case, the car of the defendant company was in plain sight where the plaintiff could have seen it if he had looked, at the time he drove his horse and wagon upon the track, and the plaintiff's failure to look was negligence on his part, and the plaintiff is not entitled to recover, and the verdict must be for the defendant. *Answer:* This point is affirmed, if you find that defendant's car was in plain sight where the plaintiff could have seen it at the time he started to drive his horse across the track. [1]

2. That the plaintiff's neglect to look and see the car at the time he drove his horse and wagon upon the track, and while he was crossing the track, constituted negligence on his part,

and, therefore, he cannot recover, and the verdict must be for the defendant. *Answer :* This point is affirmed unless you find that the plaintiff did look for an approaching car immediately before he undertook to drive across the defendant's track, and if you find he did so look, I leave it to you to say whether or not he was guilty of negligence in not looking again while crossing the track. If he were, and that contributed to the accident, he cannot recover, and your verdict must be for the defendant, as explained in the general charge. That is, if he was guilty of negligence in not seeing the car while he was crossing, it is for you to say whether or not, if he had seen it after he started his horse out on the track, he could have avoided the accident by whipping his horse up or backing up, or in some other way. If he could and did not, then he would be guilty of negligence. [2]

3. That under all the evidence, the plaintiff is not entitled to recover, and the verdict must be for the defendant. *Answer :* The defendant's third point is refused. [3]

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*George A. Allen,* with him *L. Rosenzweig,* for appellant, cited on the question of contributory negligence : Penna. R. Co. v. Bell, 122 Pa. 58 ; Carroll v. Penna. R. Co., 12 W. N. C. 348 ; Marland v. Pittsburg, etc., R. R. Co., 123 Pa. 487 ; Holden v. Penna. R. Co., 169 Pa. 1 ; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Myers v. B. & O. R. R. Co., 150 Pa. 386.

*U. P. Rossiter,* with him *L. E. Torry,* cited on the question of contributory negligence : Callahan v. Phila. Traction Co., 184 Pa. 425 ; Penna. R. Co. v. Peters, 116 Pa. 206 ; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86 ; Frame v. Electric Traction Co., 180 Pa. 49 ; Greenfield v. East Harrisburg Pass. Ry. Co., 178 Pa. 194 ; McGovern v. Union Traction Co., 192 Pa. 344 ; Downey v. Pittsburg, etc., Traction Co., 161 Pa. 131 ; Vannatta v. Central R. R. of N. J., 154 Pa. 263 ; City of Harrisburg v. Saylor, 87 Pa. 216 ; Phillips v. Duquesne Traction Co., 8 Pa. Superior Ct. 210 ; Menner v. Delaware & Hud-

son Canal Co., 7 Pa. Superior Ct. 135 ; Becker v. Penna. R. Co.,
10 Pa. Superior Ct. 19.

OPINION BY ORLADY, J., January 22, 1901:

When driving in a one-horse open wagon the plaintiff was
injured in a collision with a car of the defendant company at a
point where its single track electric railway intersected the
street on which he was traveling. The negligence of the
company is established with reasonable clearness by the testi-
mony of the motorman, who could easily have brought the car to
a standstill within the distance he had to control it, if it had
been moving at the speed mentioned by him. The appellant
bases the case largely on the testimony of the plaintiff, and
argues that " from that testimony it is clear that the plaintiff
moved upon the track of the defendant company when the
moving car which struck his wagon was dangerously near, and
must have been in clear view, if he had looked." The plain-
tiff testified that when about twelve or fifteen feet away from
the track (from which place he could distinctly see both east
and west along the track a distance of about 200 feet) he
stopped his horse and looked in both directions, and there
being no car in view, he then started forward on a good walk
at the rate of about four miles an hour, over a properly lighted
street, and where he was well acquainted with his surround-
ings ; after the horse and forward part of the wagon had cleared
the track, a rapidly moving car collided with a hind wheel.

On the trial there were marked contradictions in the evidence
as to the distance the plaintiff was from the crossing when he
stopped, whether he stopped at all, the speed of the car, the
sounding of a gong, the presence of lights, and the location of
intervening objects.

In some respects the plaintiff's statements are impaired by
some of his own witnesses, but his testimony, if believed, makes
out a case clear of contributory negligence, and where his own
testimony makes out a clear case, the contradictory testimony
of another witness would not destroy it as matter of law, even
though such witness had been called by himself. Possibly the
jury might believe the plaintiff's account rather than that of
his witness, and he was entitled to have them do so, if they
would : Kohler v. Penna. R. Co., 135 Pa. 346. We cannot

weigh the discrepancies and gauge the contradictions,—that is the specific function of the jury.   Whether he stopped at the last appropriate place before crossing the track (assuming that under the circumstances of this case, that it was his duty to stop), was the important fact for him to prove, and the verdict implies the finding of that fact in his favor.   To reverse the judgment his testimony must be ignored altogether, or this court must hold that, as matter of law, his negligence was shown by the clear and undisputed facts before the court: McGovern v. Union Traction Company, 192 Pa. 344.   In order to justify the court in treating the question of contributory negligence as one of law, not only the facts but the inferences from them must be free from doubt.   If there is doubt as to either the case must go to the jury.   Muckinhaupt v. Erie Railroad Co., 196 Pa. 213; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595.   While there was a general exception taken to the charge of the court, no part of it is assigned for error, and the trial judge was careful in explaining to the jury the law applicable to such cases, and said : " If the plaintiff was guilty of negligence which contributed in any degree, however slight, to the happening of the accident, he cannot recover. . . . The plaintiff was bound to know that a car might be approaching this crossing; he was bound to act upon the presumption that a car would be approaching, because cars are passing there every few minutes, according to the evidence." Unless the car was in "plain view where the plaintiff could have seen it, if he had looked," he had the traveler's right to go on and cross the track.   The answer to the defendant's first point was correct, and his second point, viz : " That the plaintiff's neglect to look and see the car, at the time he drove his horse and wagon upon the track, while he was crossing the track constituted negligence on his part, and therefore he cannot recover, and the verdict must be for the defendant," was properly answered in the following modifying language : " This point is affirmed, unless you find that the plaintiff did look for an approaching car immediately before he undertook to drive across the defendants' track, and if you find that he did so look, I leave it to you to say whether or not he was guilty of negligence in not looking again while crossing the track.   If he were, and that contributed to the accident, he cannot recover, and your

verdict must be for the defendant, as explained in the general charge. That is, if he was guilty of negligence in not seeing the car while he was crossing, it is for you to say whether or not, if he had seen it after he had started his horse out on the track, he could have avoided the accident by whipping his horse up or backing up, or in some other way. If he could and did not, then he would be guilty of negligence." As the case was clearly for the jury, this was as severe a measure of duty as the court could impose on a traveler who had any right to cross the track of the defendant. No court has yet attempted to fix as matter of law the exact distance from a railway track at which a traveler must stop to look and listen. Time, place and circumstance are such controlling factors in determining the best place to stop that the place where, and the time when, are purely questions of fact, unless on the plaintiff's own showing he comes within the rule laid down in Carroll v. Penna. R. Co., 12 W. N. C. 348 and McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184. In this case it is not clear whether the head of the horse or the person of the plaintiff was twelve or fifteen feet from the near rail of the track. The difference would be eight to ten feet, depending on the construction of the harness, wagon and size of the horse. If the plaintiff adopted a safe and prudent place to stop for the purpose of looking and listening (the verdict implies that he did), and did not see a car, then in the light of his surroundings and the common experience of mankind, he was justified in crossing the track at reasonable speed, and it became his imperative duty to do so. To loiter or stop at a less favorable position would increase his hazard, and be convincing evidence of his contributory negligence. While he had a right to presume that the railway company would not be negligent in the discharge of its duty to the public, his primary duty was to clear the track promptly.

This is not the case of a man going recklessly into a manifest danger and being immediately struck by a car. In such a case it would be vain for one to say that he had looked and listened if, in despite of what his eyes and ears must have told him, he had walked or driven directly in front of a moving car or engine as in Holden v. Penna. R. Co., 169 Pa. 1, and Penna. R. Co. v. Bell, 122 Pa. 58. Here the plaintiff's horse and the greater part of his wagon had passed over the track and he had to move

forward but two or three feet in order to have entirely cleared the defendants' roadway.

The judgment is affirmed.