# Carlin, Appellant, v. William Butler Company.

*Negligence—Cellar door—Contributory negligence—Evidence—Province of court and jury—Nonsuit.*

In an action to recover damages for personal injuries, it appeared that the plaintiff was employed by the defendant to paint a sign on a store window pane. During this work he was compelled to stand on a folding cellar door under the window. Before starting the work he warned the employees of the defendant not to open the folding parts of the door without notice to him. As he stood upon one fold of the door with his eyes and hands directed upwards, a clerk of the defendant, without being observed by plaintiff, opened another fold of the door, and the plaintiff subsequently stepped an inch or two to the right of where he had been standing, and fell into the opening and was injured. *Held*, that the case was for the jury, and that it was error to enter a nonsuit.

A plaintiff in an accident case is not to be nonsuited because one of

his own witnesses testifies to acts of the plaintiff showing contributory negligence, where the plaintiff himself denies the commission of such acts.

Argued Jan. 8, 1908.   Appeal, No. 216, Jan. T., 1907, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1906, No. 1,741, refusing to take off nonsuit in case of John H. Carlin v. William Butler Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries.   Before BRÉGY, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Charles Lehr,* for appellant, cited : Johnson v. Bruner, 61 Pa. 58 ; Iseminger v. York Haven Water & Power Co., 206 Pa. 591 ; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234 ; Kirchner v. Smith, 207 Pa. 431.

*George L. Crawford,* of *Crawford & Loughlin,* with him *John W. Hallahan, 3d,* for appellee, cited : Quigley v. Thompson, 211 Pa. 107 ; Artz v. Lit, 198 Pa. 519 ; Strayline v. Phila., 15 Pa. Dist. Rep. 387; Stackhouse v. Vendig, 166 Pa. 582; Kupp v. Rummel, 199 Pa. 90 ; Baldwin v. Urner, 206 Pa. 459 ; Gallagher v. Snellenburg, 210 Pa. 642.

OPINION BY MR. JUSTICE BROWN, March 2, 1908:

The appellant had a contract with the appellee to put in a building owned or occupied by it a store window pane, and to place upon the same the sign " William Butler Company." In putting these letters upon the glass he was compelled to stand on a cellar door under the window.   It consisted of four leaves or folding parts, each about fourteen inches in width, the two middle parts folding back upon the outer parts.   The top of the letters was six feet and three inches above the cellar door, and when the appellant was putting them on, his

hands were above his head and his eyes were on his work. Before starting to work on the day he was injured he found the cellar doors open, and closed them, telling the clerks or employees of the appellee that they should not open them without notice to him, as he would have to stand on the cellar door in placing the letters on the glass. While he was so engaged, standing on the left half of the cellar door, the first leaf of the right half was opened by a clerk of the appellee, without notice to and unobserved by him, intent upon his work and with his eyes turned upward. In stepping but an inch or two to the right he fell into the opening and sustained the injuries for which compensation is sought in this action. Under the foregoing state of facts, as testified to by him, the court directed a nonsuit, on the ground of his contributory negligence. The refusal to take it off is the error assigned on this appeal.

To do the work which he contracted to do for the appellee it was necessary for the appellant to stand on the cellar door, but he could stand safely on one-half of it only if the other half was kept closed. This the appellee knew as well as he, and warning was given it not to open a leaf while he was engaged on his work without notice to him. This warning was disregarded, and to hold that the appellant, as a matter of law, engaged as stated, was bound, before moving his foot an inch, to take his eyes from his work and look down to see whether his injunction had been disregarded, would be to hold him to a degree of care which a jury might fairly find to be unreasonable. The only inference to be drawn from the facts gathered from plaintiff's testimony is by no means that he was guilty of contributory negligence, and that question, therefore, was not for the court, but for the jury : Iseminger v. York Haven Water & Power Co., 206 Pa. 591.

In appellant's brief of argument it is stated that the nonsuit was entered on the authority of Stackhouse v. Vendig & Co., 166 Pa. 582. There is no analogy between it and this case. There the plaintiff, in broad daylight, in stepping from the entrance to a hotel on to the sidewalk, stumbled over an obstruction which he would have seen if he had looked. We refused to permit a recovery because " he took no heed of his movements. Had he been looking where he was going he

would necessarily have seen the cellar doors and avoided them. His accident was his own fault." Here the plaintiff took the only safe place he could have taken in performing his contract with the appellee. When he took it, it was perfectly safe. Without his knowledge, and in the face of his warning, a trap was set at his feet. As his eyes were upon his work above his head, and he made but a single step, he fell into it. The witness called by him—the clerk of the appellee who opened the cellar door—testified, on cross-examination, that the plaintiff knew the cellar door was open. If this be true, he cannot recover ; and we are asked to sustain the judgment below because it must be assumed to be true, having been testified to by one of plaintiff's witnesses. His testimony was otherwise, and he is not to be nonsuited because another of his own witnesses shows his negligence : Kohler v. Railroad Co., 135 Pa. 346 ; Ely v. Railway Co., 158 Pa. 233.

The judgment is reversed and a procedendo awarded.