# Susko v. Harleigh-Brookwood Coal Company, Appellant.

*Negligence—Master and servant — Contributory negligence—Contradiction of plaintiff's testimony by his witnesses—Case for jury.*

1. If on the whole evidence in behalf of a plaintiff, his own testimony is overthrown by that of his own witnesses, in such

number and weight that the court could not support a verdict in his favor, then it would become the duty of the court to direct a nonsuit or a verdict. But such case should be clear and without doubt. If there is a doubt it must go to the jury.

2. In an action to recover damages for personal injuries, where it appeared that plaintiff was employed by the defendant company for outside work at its colliery and on the morning of the accident he was directed by the foreman to leave the work at which he was engaged and follow him to another part of the works, and where plaintiff testified that in following the foreman along a well defined path used by workmen that led over a culm bank, he was seriously injured by stepping into a large open barrel of hot water, which was sunk to within two inches of the surface of the bank and was located in or close to the edge of the path; that he had not before been over the path and did not know of the location of the barrel and at the time did not see it because he was blinded by the sudden escape of steam from it or from pipes that led to it, the case was held to be for the jury, although two of plaintiff's witnesses gave testimony in harmony with the theory of the defendant's and contradictory of the plaintiff's statements.

Argued Feb. 16, 1914. Appeal, No. 255, Jan. T., 1913, by defendant, from judgment of C. P. Schuylkill Co., March T., 1913, No. 10, on verdict for plaintiff in case of Michael Susko v. Harleigh-Brookwood Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BECHTEL, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $2,000, and judgment thereon. Defendant appealed.

*Errors assigned,* inter alia, were in refusing to direct a verdict for defendant and refusal to enter judgment for defendant n. o. v.

*M. M. Burke,* with him *John F. Whalen,* for appellant.

*M. A. Kilker,* for appellee.

PER CURIAM, March 2, 1914:

The main question presented by this appeal is whether the plaintiff made out a case which entitled him to go to the jury. He was employed by the defendant for outside work at its colliery and on the morning of the accident he was directed by the foreman to leave the work at which he was engaged and to follow him to another part of the works. He testified that in following the foreman along a well defined path used by workmen that led over a culm bank, he was seriously injured by stepping into a large open barrel of hot water, which was sunk to within two inches of the surface of the bank and was located in or close to the edge of the path; that he had not before been over the path and did not know of the location of the barrel and at the time did not see it because he was blinded by the sudden escape of steam from it or from pipes that led to it.

That the plaintiff's testimony standing alone made out a case for the jury is not disputed, but it is contended that the force of his testimony was so impaired by the testimony of his witnesses that a nonsuit should have been entered or a verdict directed against him. Two of his witnesses testified that at a point near the barrel the path that led towards it was obstructed by pipes and obscured by dirt that had been shoveled into it. Their testimony was in harmony with that of the defendant's witnesses and it tended to sustain the theory of the defense that the plaintiff had not followed the foreman but had left the path taken by him and wandered off over the culm pile and was injured through his own fault. The case as made out by the plaintiff's testimony was weakened by the contradiction of his witnesses but it cannot be said that it was entirely overthrown by the variance. His testimony was direct, positive and consistent and the case made out by it was clear of contributory negligence. Where a plaintiff's testimony makes out a clear case, the contradictory testimony of a witness called by him will not destroy it as a matter of law. "If on the

whole evidence in behalf of a plaintiff, his own testimony is overthrown by that of his own witnesses, in such number and weight that the court could not support a verdict in his favor, then it would become the duty of the court to direct a nonsuit or a verdict. But such case should be clear and without doubt. If there is a doubt it must go to the jury": Kohler v. Railroad Co., 135 Pa. 346; Carlin v. Wm. Butler Co., 220 Pa. 194.

The judgment is affirmed.