# Collins *v.* Philadelphia & Reading Railway Co., Appellant.

*Negligence — Railroads — Master and servant — Safe place to work—Case for jury—Evidence.*

In an action by an employee against a railroad company to recover damages for personal injuries, the case is for the jury, where it appears that the plaintiff was injured, while at work loading a car, by a crate falling from a truck upon him, and he testifies that the wheel of the truck went into a hole in the floor and upset the crate upon him, that the hole had existed for some time, and was known to the defendant's foreman, that it was usually covered with an iron plate, but not so at the time of the accident, and the plaintiff although he did not actually see the wheel go into the hole, felt the jar just before the crate fell upon him.

In such a case the danger to the plaintiff was not so obvious and imminent that it could be said as a matter of law that he assumed the risk of the possibility of the hole becoming uncovered, and the wheel of the truck slipping into it.

If a plaintiff's testimony in an accident case makes out a clear case, the contradictory testimony of another witness, though called by the plaintiff, will not as a matter of law destroy it.

Argued Nov. 22, 1915.    Appeal, No. 102, Oct. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1909, No. 2655, on verdict for plaintiff in case of John Collins v. Philadelphia & Reading Railway Company.    Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.    Affirmed.

Trespass for personal injuries.    Before CARR, J.    See Collins v. Philadelphia & Reading R. R., 224 Pa. 210.

The facts appear by the opinion of the Superior Court, and by the report of the former appeal, 244 Pa. 210.

Verdict and judgment for plaintiff for $1,200.    Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*Wm. Clarke Mason,* for appellant.

*Henry John Nelson,* for appellee.

PER CURIAM, July 18, 1916:

The plaintiff and John Vesey, employees of the defendant, were engaged in loading a car at the defendant's freight station.    There was a hole in the platform at the car door, 3 to 4 inches wide and 8 to 10 inches long, which had existed for two weeks.    This was not a necessary or convenient part of the structure, but it is fairly inferable from the evidence that it was a defect caused by wear or decay, and there is direct evidence, "that this defect was known to the defendant's foreman in charge of the men who were employed thereabouts, and to the plaintiff and his fellow workmen; that the only means to avoid danger from the hole was a sheet of loose iron thrown over it and not secured or made fast in any manner; that this cover was used by order of the defendant's foreman; that at the time of the accident the sheet of iron happened not to be over the hole."    The fore-

going quotation taken from the opinion of Justice VON
MOSCHZISKER, in reviewing the first trial of the case
(244 Pa. 210), correctly describes the means of guarding
the hole, as shown in this trial. Vesey was pulling a
two-wheel truck upon which was a crate of furniture,
weighing about 500 pounds, and approximately 6 feet
long and 4 feet wide, and the plaintiff was walking be-
side the truck, steadying the crate. When they reached
the car door and Vesey turned to pull the truck up an
incline into the car the crate was cast off the truck, fell
on the plaintiff and broke his leg.

1. As to the allegation of defendant's negligence in
permitting the defect, it is sufficient to quote again from
Justice VON MOSCHZISKER'S opinion: "If the defendant
permitted a hole with only a makeshift cover, such as
here described, to exist upon its platform, where men
were constantly employed, presumably with attention
fixed upon their several duties, it clearly could be found
guilty of not maintaining a reasonably safe place to
work; hence, the nonsuit cannot be justified upon the
ground of lack of proof of negligence on its part."

2. The next question is as to the causal connection
between this clearly proved negligence and the injury to
the plaintiff; it being alleged in the statement of claim
that the injury was caused by one of the wheels of the
truck going into the hole in the platform. It is urged
by appellants' counsel that this fact was not proved.
Upon this subject the plaintiff testified: "I had. been
steadying a crate of furniture and Mr. Vesey was pull-
ing the truck, and we were going along the floor, and
the wheel of the truck went in the hole in the floor and
turned this crate of furniture on top of me and broke
my ankle and fractured my instep." Being asked as to
the shape of the hole he answered: "It runs straight
along the floor, at the car door, where we had to turn to
go into the car, and the wheel went into it and turned it
on top of me." This statement as to the wheel going into
the hole was repeated several times by the plaintiff in his

examination in chief and was steadfastly adhered to by him throughout a long and rigorous cross-examination. Manifestly, the testimony cannot be rejected as legally insufficient because of ambiguity, dimness of recollection or lack of positiveness. True, the plaintiff admitted that he did not see the wheel go into the hole, and could not see it because of the overhanging crate; nevertheless he reiterated his statement that it did go in. In general, that which a witness represents as his knowledge must be an impression derived from the exercise of his own senses, not from the reports of others—in other words, must be founded on personal observation: Wigmore on Evidence, Sec. 657. This general principle was not contravened by the reception and submission to the jury of the testimony under consideration. It was not founded on the reports of others, but on the personal observation of the witness. And although he did not see every movement which resulted in the overturning of the crate, and his knowledge was not of that absolute nature which precludes even the remotest possibility of mistake, yet when the position in which he was placed, his knowledge of the location of the hole and of the position and movement of the truck, and the sensations he experienced at the very time are considered, it would be refinement almost to the limit of absurdity to declare as matter of law that he was not qualified to testify that the wheel went into the hole. The credence and weight to be accorded to his testimony were matters for the jury's consideration and determination; the court would have exceeded its province if it had withdrawn the testimony from its consideration upon the ground that what the witness presented as his knowledge lacked adequate data as its basis: See Wigmore on Evidence, Sec. 658 and 659. Moreover the testimony was admitted without objection and the defendant made no motion to strike it out.

The sufficiency of the testimony to establish the fact which is at the foundation of the plaintiff's case is further attacked upon the ground that it presented two

other possible causes of the accident, which were not attributable to the defendant's negligence; and in view of this uncertainty, it is argued, verdict should have been directed in its favor. The court is not entitled to submit evidence which will merely enable a jury to "guess" at a fact in favor of a party who is bound to prove it: Ely v. Pittsburgh, Etc., Railway, 158 Pa. 233; Price v. Lehigh Valley Railroad Company, 202 Pa. 176; Patton v. Texas, Etc., Railroad Co., 179 U. S. 658. But as already indicated the testimony of the plaintiff furnished basis for more than a mere guess, conjecture or suspicion that the immediate cause of the crate toppling over on him was the wheel going into the hole. Nor is it perceived that the force of this testimony was nullified, or even detracted from, by the plaintiff's admission on cross-examination that one end of the overhanging crate struck the station wall. His whole answer when questioned on this subject was, "Struck the wall, and as soon as the wheels of the truck went down it turned on top of me." This testimony does not constitute an admission that the striking of the wall was or might have been the sole efficient cause of the injury; the utmost that can be claimed for it is that it furnished basis for conjecture that if that had not happened the wheel would not have gone into the hole. Even if the jury took that view, a finding that the defendant's negligence in permitting such a defect to be in the platform at that place was the proximate cause was justifiable.

Stress is laid on the admission of Vesey on cross-examination that the crate could have been jolted off by his starting on a run to pull the truck up the incline. It is to be observed, however, that Vesey did not undertake to say that that was the cause of the accident; and while he admitted that he could not say whether the wheel went into the hole or not, he did say "there was a hole in the floor right where the crate fell off," and that he felt the jar which he thus described, "Just jarring my hand, it leaned heavier on the right hand than the other

side, like going down." To the extent that his testimony went it was corroborative of that of the plaintiff; and even if it had been contradictory of it, the court would have been bound to submit the case to the jury upon the principle clearly enunciated in Kohler v. Pennsylvania Railroad Company, 135 Pa. 346, and recognized and applied in many later cases, that if a plaintiff's testimony makes out a clear case, the contradictory testimony of another witness, though called by the plaintiff, will not as matter of law destroy it.

3. The remaining questions argued are as to the plaintiff's contributory negligence and his assumption of risk. These were raised and considered on the former appeal and were decided adversely to the appellant's contention as follows: "There was no evidence which would justify a nonsuit upon the ground that contributory negligence had been plainly shown, e. g., that at the time of the accident either of the men employed in loading the car performed his work in an unusual or careless manner, or that they must have known the cover was off, or that the truck was about to slip into the hole; and the immediate danger to the plaintiff was not so obvious and imminent that it could be said as a matter of law that he had assumed the risk of the possibility of the hole becoming uncovered and the wheel of the truck slipping into it."

Notwithstanding the contention of appellant's counsel, we are not convinced that the case as presented on the second trial differs so materially from the case as stated in the opinion of the Supreme Court as to warrant a different legal conclusion. On this trial, as on the first trial, the plaintiff's knowledge of the existence of the hole and of the insecure means of guarding it was shown, but it does not more clearly appear than it did on the first trial that he knew it was uncovered at the very time he and his fellow workman undertook to haul the truck to the car door.

Without further elaboration we conclude that the

issues of fact involved in the case were properly sub-
mitted to the jury. There is no question raised as to
the manner of submission.

The assignments of error are overruled and the judg-
ment is affirmed.