# Dunn *v.* Philadelphia & Reading Railway Co., Appellant (No. 1).

*Negligence—Railroads—Shooting by special officer—Case for jury.*

In an action by a boy fifteen years old against a railroad company to recover damages for personal injuries resulting from being shot by a special officer of the company, the case is for the jury where he testifies that he was shot while crossing the tracks of the railroad at an usual place, on the way to a place of amusement, while the officer called by the plaintiff testifies that he shot at the plaintiff whom he saw breaking into a freight car, and that in order to attract the attention of another officer he fired his revolver at the ground in the direction of the boy.

Argued Oct. 9, 1916. Appeal, No. 53, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1914, No. 382, on verdict for plaintiff in case of James P. Dunn, by his father and next friend James Dunn, and James Dunn v. Philadelphia & Reading Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for James P. Dunn for $100 and for James Dunn for $235. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Wm. Clarke Mason,* for appellant.

*Hugh Roberts,* for appellee.

OPINION BY WILLIAMS, J., March 7, 1917:

Plaintiff, a boy about fifteen years of age, claiming that he was shot in the heel by a special officer of the defendant company, brought this action to recover damages for the injuries resulting therefrom.

The plaintiff testified that he was crossing the defendant's tracks on his way from his home to a place of amusement; that he was in the habit of using this crossing daily; that it was an usual place of crossing; that some one called out to him to "watch" or something, he could not tell what; that he turned to see who it was when two men came from behind a freight car, fired some eight or nine shots from a revolver, hit him, and caused the injuries of which he complains. Plaintiff then called Sizer, the officer, who testified that the plaintiff, in company with two men had broken the seal of one car—were breaking the seal of another car, when they were frightened by something and started to run. Then, in order to attract the attention of another officer, he fired his revolver at the ground in the direction of the boy.

The defendant offered no testimony and asked for binding instructions which were refused. The jury found a verdict for the plaintiff. The defendant moved for judgment n. o. v. which was refused.

The plaintiff was flatly contradicted by his witness, but that raised a question of fact to be determined by the jury: Susko v. Harleigh-Brookwood Coal Co., 244 Pa. 339; Collins v. Philadelphia & Reading Ry. Co., 63 Pa. Superior Ct. 371. The trial judge charged that if the jury believed the plaintiff, they should find a verdict in his favor but if they believed the officer, they should find for the defendant. The verdict is, therefore conclusive of the plaintiff's version of the facts.

Was the shooting of the plaintiff by the defendant's special officer such negligence as would render the defendant liable? This cannot be doubted. He admitted that he shot at the ground in the direction of the plaintiff with full knowledge of his presence. Such an act was

characterized in Geiger v. Madden, 58 Pa. Superior Ct. 616, as negligence per se.

Appellant relies upon the case of Zimmerman v. Adams Express Co., 240 Pa. 316, to relieve it from liability for the act of its servant, but the facts in that case are totally different from the one at bar. Zimmerman had been arrested for a felony; was trying to escape from the officer, and, as he ran, a shot was fired in his direction resulting in his death. It was held that as he had been arrested for the commission of a felony and was escaping, the officer was justified in shooting. In that case the officer who did the shooting was the only witness and was not contradicted. Here the plaintiff denied wrongdoing and was pursuing a perfectly lawful errand when he was shot by the defendant's servant.

The judgment is affirmed.