# Shields *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Pedestrian—Stepping in front of approaching car—Danger—Speed of car—Conflicting evidence—Contributory negligence—Case for jury.*

1. While a person has no right to put himself in a position of danger and rely entirely upon the assumption that another who controls the source of such danger will see that he is protected, yet everyone who exercises due care, according to the circumstances, has an abstract right to rely on the assumption that others will do likewise and use ordinary care to protect him and his property from injury.

2. A pedestrian is not negligent in attempting to cross a street at a place set apart for that purpose merely because a car is approach-

ing at a distance, although in plain sight. In such case the rights of the pedestrian and the street railway company are mutual and each is bound to exercise the care required by the circumstances.

3. The danger a pedestrian is bound to foresee and avoid is that of being injured by cars operated in a proper and legal manner.

4. In an action against a street railway company to recover for injuries to a pedestrian at a crossing by being struck by one of defendant's cars, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that when plaintiff started to cross the street he saw the car coming on the near track 275 feet distant, and apparently slowing down; that he proceeded to cross and when on the near rail he saw the car two lengths away and still thought it was slowing down; that when he had gotten almost across he was struck, and was picked up 165 feet away, having been carried that distance on the fender of the car; although defendant's evidence was that the collision occurred at the point where plaintiff was picked up on the opposite side of the crossing, and that the car stopped within its length after the collision.

Argued March 25, 1918. Appeal, No. 360, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1916, No. 3105, on verdict for plaintiff, in case of Patrick J. Shields v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Layton M. Schoch,* for appellant.—This was an instantaneous collision between a pedestrian and a moving street car and the plaintiff is barred of recovery: Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448; Flynn v. Pittsburgh Railways Co., 234 Pa. 335; Klingmann v.

Pittsburgh Railways Co., 252 Pa. 12; Smith v. Electric Traction Co., 187 Pa. 110; Easley v. Pa. R. R. Co., 238 Pa. 67; Greenwood v. P., W. & B. R. R. Co., 124 Pa. 572; Welsh v. Philadelphia Rapid Transit Co., 63 Pa. Superior Ct. 143; Randall v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 531.

It is impossible that the plaintiff should have been struck at the place stated by him, and if the accident occurred at the place established by the other witnesses in the case, there was no evidence of negligence of the defendant: Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Underwood v. Pitts. Rys. Co., 238 Pa. 332.

*Horace L. Henderson,* for appellee.—The case was for the jury: Ely v. P., C., C. & St. L. Ry. Co., 158 Pa. 233; Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354; Reeves v. The D., L. & W. R. R. Co., 30 Pa. 454; Young v. Philadelphia Rapid Transit Co., 248 Pa. 174; Callahan v. Philadelphia Traction Co., 184 Pa. 425; Hamilton v. Consolidated Traction Co., 201 Pa. 351; Schmidt v. Philadelphia Rapid Transit Co., 253 Pa. 502; Fellers v. Warren St. Ry. Co., 26 Pa. Superior Ct. 31; Dunn v. Philadelphia Rapid Transit Co., 244 Pa. 176.

OPINION BY MR. JUSTICE FRAZER, June 3, 1918:

Plaintiff was injured by one of defendant's cars at a street crossing in the City of Philadelphia, and sued to recover damages. The trial judge submitted to the jury the questions of negligence and contributory negligence, and from a verdict and judgment for plaintiff, defendant appealed, assigning for errors the refusal of the court to give binding instructions in its favor and subsequent refusal to enter judgment non obstante veredicto.

On November 5, 1915, between eight and nine o'clock in the evening, plaintiff alighted from a northbound car on 22d street at the south side of Erie avenue at the intersection of 22d street, Schuyler street, Erie avenue and Hunting Park avenue, crossed Erie avenue to the north-

western side of Hunting Park avenue intending to proceed eastward on Erie avenue and to do so was obliged to cross to the northeastern side of Hunting Park avenue. Defendant operates a double line of tracks on Hunting Park avenue, a thoroughfare 60 feet in width from curb to curb, the distance from each curb to the nearest car track being 23½ feet. Plaintiff testified that while standing on the curb, and as he started to cross the avenue he noticed a car coming westwardly on Hunting Park avenue, on the near track, that seemed to be slowing down, and two hundred and fifty or two hundred and seventy-five feet distant; that he started to cross the street and upon reaching the track the car was at least two lengths from him. He further testified: "When I got to the first rail I continued to cross, still thinking it was slowing down, and probably going to stop there, which they generally do. Before I got almost over the track, he came on me like a flash, and that was really the last I knew......Q. From the view that you had of the car as it bore down on you, could you give any estimate of what speed it was coming at? ......A. From what I saw it coming, when I was within two car lengths, until the time it struck me, it certainly must have been going about twenty-five miles an hour. ......Q. Did you observe that it went faster after you attempted to cross the track? A. Yes, sir; I did. I couldn't get off the track." Plaintiff has no recollection of what happened subsequently; the evidence, however, is undisputed that he was picked up on the opposite side of the crossing, a distance of one hundred and sixty-five feet beyond the place at which he stated the accident occurred. The testimony on behalf of defendant tended to show plaintiff was, in fact, struck on the south side of the crossing near the place where he was found, and that the car stopped within its length after hitting plaintiff. By special verdict the jury found the accident did not occur at the place specified by defendant's witnesses.

The general rule in cases of this character is that while

a person has no right to put himself in a position of danger and rely entirely on the assumption that another who controls the source of such danger will see that he is protected, yet everyone who exercises due care, according to the circumstances, has an abstract right to rely on the assumption that others will do likewise and use ordinary care to protect him and his property from injury: Young v. Philadelphia Rapid Transit Co., 248 Pa. 174; Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354; consequently, mere failure to anticipate negligence by another, resulting in injury, cannot be said to be negligence and will not defeat an action for injuries sustained. In applying these principles to cases of collision between pedestrians and street cars at crossings, it has been held a pedestrian is not negligent in attempting to cross a street at a place set apart for that purpose, merely because a car is approaching at a distance, although in plain sight: Bunn v. Philadelphia Rapid Transit Co., 244 Pa. 176. In such case the rights of the pedestrian and the street railway company are mutual and each is bound to exercise the care required by the circumstances. The danger the pedestrian is bound to foresee and avoid is that of being injured by cars operated in a proper and legal manner. Accepting plaintiff's account of the accident as true, as we are bound to do in view of the verdict of the jury, he was almost across the track when injured; the case, consequently, is ruled by Young v. Philadelphia Rapid Transit Co., supra.

Defendant relies upon a line of cases represented by Flynn v. Pittsburgh Rys. Co., 234 Pa. 335; Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194, and Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448. The facts in those cases, however, distinguish them from the case now before us. In the case first cited the accident occurred in daytime almost immediately as plaintiff stepped upon the track. In the Cunningham case the accident also occurred in daytime and, as was stated in the opinion of the court (pages 196, 197), the only

reasonable inference deducible from the undisputed testimony was that plaintiff stepped upon the track directly in front of an approaching car and was struck instantly. So also in the Wolf case, the accident occurred in daylight and plaintiff's testimony was to the effect that the car was coming fast and he saw the motorman was not looking ahead. Under such conditions he could not rely upon the assumption that the motorman saw him and would exercise proper care to avoid an accident.

It cannot be said in the case now before us that the only reasonable inference to be drawn from the circumstances clearly demonstrated that plaintiff was guilty of contributory negligence; the question accordingly was for the jury: Young v. Philadelphia Rapid Transit Co., supra.

Appellant further contends the circumstances of the accident showed plaintiff's account, in view of the place and position of his body when found, described impossible conditions, hence defendant's version of the place where the accident occurred was the true one, and conclusively demonstrated no negligence on the part of the motorman. The jury found this question in favor of plaintiff, however, and it cannot be said that plaintiff's account was so impossible as to warrant setting aside their finding as not being supported by evidence. Under plaintiff's theory of the case he must have been carried on the fender of the car for a distance of 165 feet. There is nothing so clearly impossible in this as to justify us in holding as matter of law that it could not have occurred. Neither is the fact that plaintiff was found on the right-hand side of the track, rather than on the left, conclusive as to his exact location when struck by the car, since, if carried on the fender for such a distance and around a curve to the left, his position would not necessarily remain the same as that occupied by him immediately following the contact, and a reasonable inference might readily follow that the momentum and the overhang of the front of the car in rounding the curve to

the left would have a tendency to throw plaintiff's body to the right-hand side of the track. The inferences were necessarily for the jury.

The assignments of error are overruled and the judgment affirmed.