## Susa, Appellant, *v.* Consolidated Ice Company.

Argued March 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*B. B. Crone,* with him *Morris G. Levy,* of *Levy & Crone* and *Abe R. Cohen,* for appellant.

*H. Stewart Dunn,* of *Thompson, Rose, Bechman & Dunn* and *Con F. McGregor,* for appellee, were not heard.

PER CURIAM, April 24, 1933:

A brief examination of the record before us is sufficient to show that judgment non obstante veredicto was correctly entered by the court below, plaintiff clearly being guilty of contributory negligence.

Plaintiff, on a motorcycle with sidecar, following one Neubauer, also on a motorcycle, was traveling along Foster Street in the City of Pittsburgh. As he came to the intersection of Foster with 42d Street (both streets being 20 feet wide), he looked to his right and saw defendant's truck approaching from that direction, about 70 or 80 feet from the intersection. He was unable to give any estimate of the speed of the truck, which, however, from events that followed, may be judged to have been running rapidly. Plaintiff proceeded in disregard of the approaching vehicle until almost in the center of the street, when he again looked, saw the truck only six or seven feet away, and that the driver had his attention fixed on Neubauer, who had crossed ten or fifteen feet ahead of plaintiff. He did not stop, but swerved to the left and struck against the left front wheel of the truck, both vehicles being slightly past the center of the intersection at the time of the collision. According to his testimony, plaintiff was running six or eight miles an hour as he crossed the street, and should have been able to stop almost instantly. Though plaintiff stated that he

felt he had the right of way, the court below properly held it was his duty to continue to look as he advanced, and, there being nothing to prevent him from so doing, his failure to stop, when finally he saw that the driver of the truck was unaware of his presence and was coming on rapidly, was negligence as a matter of law. That conclusion is supported by our cases: Campagna v. Lyles, 298 Pa. 352; Byrne et al. v. Schultz (Stone et al.), 306 Pa. 427, 432; Schneider v. Amer. Stores Co., 100 Pa. Superior Ct. 339, 341-2.

The judgment is affirmed.