## Clark, Appellant, *v.* Pittsburgh Railways Company.

Argued March 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles F. Patterson,* of *Patterson & Sherrard,* with him *George E. Klaber,* for appellant.

*D. H. McConnell,* with him *J. R. McNary,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 9, 1934:

Magee Street runs north and south in the City of Pittsburgh. Plaintiff was walking southward on the right-hand, i. e., the west, side of this street, towards Forbes Street. When he reached the latter he continued to the first rail of the northern track of two street car lines. In this northern track a westbound street car was coming from plaintiff's left, i. e., from the east side. Plaintiff was then about 70 feet away. He was struck before he could get over the second rail of the northern track. When he was on the curb he saw the street car at least 400 feet away. The first rail is about eight feet from the curb. Plaintiff said that the street car was "slowing down when it was about 70 feet away." He testified that he took three or four steps and then the car struck him. He brought suit for the injuries sustained and the jury found a verdict in his favor in the sum of $8,720. Defendant made a motion for judgment n. o. v. This was granted.

In granting the motion for judgment n. o. v., the court below took the position that since according to the plaintiff's own testimony the street car was only 70 feet away when he started to cross its track, and was then running "pretty fast," he was guilty of contributory negligence. He is not relieved of the charge of contributory negligence by the statement that the car "looked to him as though it was slowing down" when he "started to cross the first rail." After plaintiff saw the car evidently slowing down he said he kept on crossing the street and did not see the street car again until "just before it hit" him, and it was then four or five feet away.

That a person who crosses a track in front of a "pretty fast" moving street car 70 feet away without again look-

ing at the car until it is four or five feet away from him is guilty of contributory negligence is too plain for argument. Inattention in an obviously hazardous situation is negligence. We said in Hawk v. P. R. R. Co., 307 Pa. 214, 220, 160 A. 862: "Common prudence requires alert watchfulness and celerity in getting out of a zone of danger as well as caution in getting into such a zone. It has been aptly said: 'When human life is at stake, the rule of due care and diligence requires everything that gives reasonable promise of its preservation to be done, regardless of difficulties or expense': 20 Ruling Case Law, page 25, section 18."

The entry of judgment n. o. v. in this case was in accordance with the rule laid down by the Superior Court in McKeown v. Reading Transit & Light Co., 75 Pa. Superior Ct. 531, and by this court in Susa v. Consolidated Ice Co., 311 Pa. 150, 166 A. 559, and in Lukachyk v. George, 281 Pa. 402, 127 A. 68.

Appellant relies on the case of Shields v: P. R. T. Co., 261 Pa. 422, 104 A. 665. That was a very close case on the question of plaintiff's contributory negligence and it was there held that the question of plaintiff's negligence was for the jury. The facts there differ somewhat from the facts here. In the Shields Case it appears by inference that plaintiff observed the car from the time it first came within his view, when it was "two car lengths" away, until it struck him, because he estimated its speed in traveling that distance at "about 25 miles an hour." In any event, his own testimony does not disclose that he was inattentive to the oncoming car and therefore negligent. He further said that the car "came on him like a flash." Since the car seemed to be slowing down when it was 200 feet away from him, his testimony supported the inference that it suddenly accelerated its speed just before it struck him.

In McGovern v. Union Traction Co., 192 Pa. 344, 43 A. 949, this court said: There are two classes of cases, considered with regard to this kind of accident [i. e., an

accident to a pedestrian who crosses the street before an oncoming street car], in which nonsuits are properly entered, first......where a person not looking, or claiming to have looked and not to have seen what was manifestly and unavoidably visible, steps directly in front of a moving car; and, secondly, where a person seeing a clearly impending danger accepts the risk, relying on his own judgment that he can escape it." In this second class plaintiff squarely places himself by his testimony in this case. In the case just cited, Mr. Justice MITCHELL said: "A foot passenger crossing a street, especially a wide one with double tracks, does not do his whole duty by a single look before starting. In the space where cars and other vehicles have concurrent rights with his own, he is bound to keep eyes and ears open for new dangers and to use reasonable care in avoiding them." It is true in that case this court held that the question of the victim's negligence was for the jury but that was a case where the victim was killed and there was, therefore, the presumption that she used due care. Mr. Justice MITCHELL further said: "The distance of the car and the rate of speed were the subject of testimony not entirely uniform, and there was no evidence as to the action of the deceased at this point in regard to the approaching car. It was not one of those clear cases that should be taken from the jury."

The case before us was "one of those clear cases" that did not require submission to the jury. It was the duty of the plaintiff to present a case which disclosed that he exercised due care, i. e., that he was free from negligence. On the contrary, it appeared by his own testimony that he was negligent.

The judgment is affirmed.