Hetzlein *v.* Johnstown Traction Company,
Appellant.

Argued May 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

 

*Philip N. Shettig,* with him *H. Clifton McWilliams, Jr., McWilliams & Margolis* and *Shettig & Swope,* for appellant.

*Frank P. Barnhart,* for appellee.

OPINION BY MR. JUSTICE BELL, September 26, 1950:

Defendant appealed from the dismissal of its motion for judgment n.o.v. in an accident case. Defendant claimed that plaintiff tested a manifest danger as demonstrated by the speed of the trolley car and the distance it was from her when she started to cross the tracks. The only question involved was whether the plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff was 60 years of age and weighed approximately 200 pounds. She left home at 7:30 on the evening of the accident and crossed Center Street at a regular crossing intending to take a trolley which ran on the inside rails. Center Street has two sets of trolley tracks, the first being the outbound and the second the inbound tracks. The distance between the car tracks as well as between the outbound and the inbound car tracks is approximately 5 feet; the trolley has an overhang of one foot on each side of the tracks.

When plaintiff first looked up Center Street and saw the street car, it was approximately 597 feet away and was approaching very slowly. When she got between the outbound street car tracks and the inbound street car tracks, she again looked up and down the

street and at that time the car was still coming at a slow rate of speed and was about 225 feet away. Plaintiff then continued her crossing and when she was in the middle of the inbound tracks she again looked and noticed the car was approximately 100 feet from her and had greatly increased its speed and was coming very fast. She was struck just as she was leaving the last rail.

Defendant's first contention is that some of plaintiff's testimony as to distance and as to acceleration of speed was contradicted by one of her witnesses and that the testimony of that witness would indicate contributory negligence as a matter of law. Even if this were correct, the plaintiff was entitled to have her case submitted to the jury if her own testimony does not disclose that she was guilty of contributory negligence: *Carlin v. William Butler Co.*, 220 Pa. 194, 69 A. 552; *Kohler v. Pennsylvania Railroad*, 135 Pa. 346, 19 A. 1049; *Conyngham v. Erie Electric Motor Co.*, 15 Pa. Superior Ct. 573.

Defendant next contends that the speed of the car and the distances involved demonstrate that plaintiff was guilty of contributory negligence as a matter of law in that she could and should have seen that the trolley would strike her if she crossed the tracks. It is difficult to say, as a matter of law, how quickly a woman 60 years of age and weighing 200 pounds could react and move in the face of a trolley car which was bearing down upon her suddenly and unexpectedly at a very fast speed. Plaintiff was not struck just as she entered the tracks and she could not be required to anticipate, as a matter of law, that defendant would accelerate its speed from very slow to very fast or be unable to stop its car until it had gone 40 or 50 feet beyond the point of accident.

We have frequently decided that the doctrine of "incontrovertible physical facts" is inapplicable when

such facts depend upon estimates of distances and the speed of moving objects: *Streilein v. Vogel*, 363 Pa. 379, 69 A. 2d 97; *Cunningham v. Pennsylvania Railroad Co.*, 352 Pa. 571, 43 A. 2d 825; *Hegarty v. Berger*, 304 Pa. 221, 155 A. 484; *Miller v. Measmer*, 353 Pa. 18, 44 A. 2d 284; *Reiser v. Smith*, 332 Pa. 389, 2 A. 2d 753; *Mull v. Bothwell*, 338 Pa. 233, 12 A. 2d 561.

We agree with the trial judge that this is not a case where a person steps into a moving vehicle with or without looking, nor is it a case where a person sees a clearly impending danger and takes or assumes the risk. While it is undoubtedly the duty of plaintiff to look and make prudent observations and to refrain from taking undue risks, a pedestrian is not bound to wait at a crossing until a car passes, simply because it may be seen in the distance. If, in the exercise of ordinary prudence there is apparent opportunity to cross safely, it is not contributory negligence to attempt to do so: *Murphy v. Phila. Rapid Transit Co.*, 285 Pa. 399, 132 A. 194.

*Ferencz v. Pittsburgh Railways Co.*, 341 Pa. 369, 19 A. 2d 385, on which plaintiff relies, is distinguishable because of the difference in distances, the accelerated speed of the car and the fact that the crossing here was at a regular place of crossing.

Since it cannot be said that the facts in this case and all reasonable inferences therefrom clearly demonstrate that plaintiff was guilty of contributory negligence, the case was properly left to the jury: *Shields v. Phila. Rapid Transit Co.*, 261 Pa. 422, 104 A. 665; *Young v. Phila. Rapid Transit Co.*, 248 Pa. 174, 93 A. 950.

Judgment affirmed.