# Welsh *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway companies—Injuries to pedestrian at street crossing—Stopping of car—Far side and near side.*

In an action against a street railway company to recover damages for personal injuries sustained by a pedestrian, a woman, while crossing the tracks of the railway, at the far side of a crossing, the case is for the jury where it appears that the car usually stopped on the near side, that under an ordinance it was required to slow up; that "slowing up" meant stopping if there was any one waiting to get on the car; that at the time the plaintiff took her last look at the car before entering upon the track upon which the car was approaching, it was ten yards beyond the near crossing where she saw a man standing and signalling for the car to stop; that the car did not stop or slow up but went three times its own length beyond the place where it struck plaintiff, before it was stopped.

Argued Dec. 2, 1915. Appeal, No. 236, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1914, No. 2246, on verdict for plaintiff in case of Catharine Welsh v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

SULZBERGER, P. J., charged in part as follows:

On the 20th day of November, 1913, the plaintiff, who is a working woman, went out at half past six in the morning to go to work. She lives in West Philadelphia, in a place where the streets are not exactly in the same rectangular condition that they are in the middle of the city. She came down Fiftieth street, and at that angle at Girard avenue she saw a car coming east in which she wanted to go to work. That car stopped usually on the west side or what we will call the west side of Fiftieth

street, and she was on the east side of Fiftieth street, and that car was doubly signalled to her as her car. First, she knew the car; and second, Gardiner was another signal for her. Gardiner usually went down with her in the same car, and he was standing on the stopping side and was holding up his hand. Then she, of course, concluded that the car wanted Gardiner and Gardiner wanted the car, and that the car would stop there, and she ran across in front of the car to jump in after Gardiner. She made only one miscalculation, that car did not take Gardiner. It passed him, and now the question is was she justified in believing, after seeing Gardiner stop that car every day, that that being the usual stopping place and Gardiner usually taking it there, the car would stop for Gardiner, in which case it would be for you to say whether it was wise or unwise for her to do a little running to get in with Gardiner.

The defense, of course, is that that is none of her business about Gardiner, or about the car, or about its usual stopping place. She must not take it for granted that a running car will stop until she sees it stop, and if she does not see it stop she takes her chance, and if she loses she is guilty of negligence. There is a good deal to be said in favor of that view. I want you, however, to judge the question whether she was careless not by what any of you would do, because I am afraid all of you would exhibit the same carelessness, and you would also shout and groan and sue the transit company if you got hit. That is not the standard, what you would do. The standard is what a common sense person ought to do, and you never have common sense when you are in a hurry and act on impulse. The point is whether accidentally her conduct coincided with common sense, because while you never consciously exercise common sense when you are acting on impulse, you often accidentally do the same thing that judgment would request you to do. That is a pure fortuitous accident.

The question is, did it happen here? Did she do the

right judgmatical thing that a person of ordinary common sense would do under all the circumstances?

Ordinarily I would say no, but the case is complicated by the presence of Gardiner and his signal, and it is for you to say whether when she sees a car that habitually stops there, and sees a man stopping it, or giving it a signal to stop, and expects that the car which usually stops there and that has been expressly signalled to stop there, will stop there, she had a common sense right to believe that it would stop there, and a common sense right to believe that it was prudent to go across and catch the car which would stop. That is for you. If you say that it was not prudent, that a person exercising sound judgment would have waited until it stopped and then given the signal, and seen that it stopped, and run across, if you think that is what she ought to have done, your verdict must be for the defendant. If you think, on the other hand, that she was justified in her conclusion from all the circumstances that it was reasonably safe to go across, and that her doing so was not contributory negligence, then you may find a verdict for her.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Bernard J. O'Connell,* for appellant.—A person who steps in front of a moving trolley car and is immediately struck is guilty of gross negligence, which bars a recovery: Crooks v. Pittsburgh Rys. Co., 216 Pa. 590; Cunningham v. Philadelphia R. T. Co., 240 Pa. 194; Winter v. Mahoning & Shenango Ry., 61 Pa. Superior Ct. 440.

The case at bar is ruled by and is on all fours with Flynn v. Pittsburgh Rys. Co., 234 Pa. 335.

There was no negligence shown: Fane v. Philadelphia R. T. Co., 228 Pa. 471.

*John M. Hill,* for appellee, cited: Reeves v. Del.,
Lackawanna & Western R. R. Co., 30 Pa. 454; Mack v.
Pittsburgh Rys. Co., 247 Pa. 598; Dunn v. Philadelphia
Rapid Transit Co., 244 Pa. 176; Lewis v. Wood, 247
Pa. 545.

OPINION BY TREXLER, J., May 8, 1916:

The plaintiff at 6:30 a. m., November 20, 1913, came
down Fiftieth street in the City of Philadelphia and
at Girard avenue saw the east bound car, which she in-
tended to take, approaching. The car usually stopped
on the west side of Fiftieth street. She was on the
east side of the street intersection. A man who usually
boarded the car with her was on the west crossing and
was signalling to the motorman to stop. Under the
ordinances of the city the car was required to slow up
at the west side of Fiftieth street and it was admitted
at the trial that "slowing up" meant stopping if there
was any one waiting to get on the car. At the time the
plaintiff took her last look at the car before entering
the east bound track upon which it was approaching, it
was ten yards beyond the other crossing where the man
who signalled to it was standing. The distance at which
the car was last seen by the plaintiff, the duty of the mo-
torman to reduce its speed, and if signalled by an intend-
ing passenger, to stop, his failure to observe his duty in
this respect, but instead of so doing coming on at a speed
which was undiminished, and which carried the car three
times its length beyond the place where it struck the
plaintiff, present a state of facts which warranted the
submission of the case to the jury.

As was said in Dunn v. Philadelphia Rapid Transit
Co., 244 Pa. 176, cases of this kind stand on their own
facts. The plaintiff was not bound to anticipate that the
company would violate its rule of duty: Lewis v. Wood,
247 Pa. 545; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454.
"Although no one has a right carelessly to put himself in
a position of danger relying entirely on the assumption

143, (1916).]          Opinion of the Court.

that another who controls the sources of such danger will see to his protection, yet, the law recognizes the abstract right of every one who takes due care according to the circumstances in which he is placed to act upon the principle, that others will do likewise; the extent of the application of this principle depends upon the facts in each case, and the question whether due care under the surrounding conditions and circumstances has or has not been taken, except in cases where all the material facts and the reasonable inferences to be drawn therefrom clearly demonstrate contributory negligence, is always an issue for the jury to determine": Young v. Philadelphia Rapid Transit Co., 248 Pa. 174. The plaintiff was not charged with the foreknowledge that the defendant would operate its car in an unusual manner: Connor v. Pittsburgh Rys. Co., 50 Pa. Superior Ct. 629.

Although the case is a close one, we think the jury could properly find that the plaintiff acted as the ordinarily prudent person would under similar circumstances.

The judgment is affirmed.