## McLoughlin *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Collision between wagon and car—Case for jury.*

In an action against a street railway company to recover damages for personal injuries sustained by the plaintiff in a collision while he was driving a one-horse wagon across defendant's tracks at a crossing, the case is for the jury where the evidence shows that the plaintiff stopped at the house line, and saw a car approaching one hundred and sixty-five feet distant, that he then proceeded,

and just before his horse stepped on the track he again looked and saw the car one hundred feet away, that he then proceeded and before he had cleared the track, the car struck the rear wheel of his wagon, causing the injuries for which suit was brought.

Argued Oct. 11, 1916. Appeal, No. 378, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1912, No. 2820, on verdict for plaintiff in case of John J. McLoughlin v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William M. Stewart, Jr.,* for appellant.—There was no negligence of defendant shown: Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448; Wagner v. Lehigh Traction Co., 212 Pa. 132.

The evidence shows that the plaintiff failed to look for a car just as his horse entered the track: Timler v. Philadelphia Rapid Transit Co., 214 Pa. 475; Smathers v. Pittsburgh & Butler St. Rwy. Co., 226 Pa. 212; Ervay v. Waverly, Etc., Traction Co., 240 Pa. 440; Tavani v. Philadelphia Rapid Transit Co., 252 Pa. 350; Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448; Randall v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 531.

*M. J. O'Callaghan,* for appellee.—The case was for the jury: Davis v. Media, Etc., Electric Ry. Co., 25 Pa. Su-

perior Ct. 444; Armstrong v. Consolidated Traction Co., 216 Pa. 595; Cathcart v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 215; Kennedy v. Consolidated Traction Co., 210 Pa. 215; Tatarenicz v. United Traction Co., 220 Pa. 560; McDyer v. Eastern Penna. Railway Co., 227 Pa. 641; Bickel v. Penna. R. R. Co., 217 Pa. 456.

OPINION BY HEAD, J., December 18, 1916:

The appellant does not seek a new trial. Unless the learned trial judge should have directed a verdict for defendant, or thereafter entered judgment in its favor on the whole record, the assignments of error must be overruled. We look therefore to the testimony of the plaintiff, accepting as established by the verdict, every fact supported by his oath, and every fair inference therefrom favorable to him. We thus deduce the following facts.

Plaintiff, engaged in the business of a huckster, was driving a single horse hitched to his wagon, over a route he had traveled daily for several years. Driving west on Juniata street he came to the point of its intersection with Germantown avenue, running north and south on which defendant operated cars moving in each direction. At the house line he stopped. Looking northward he found there was no car in sight. Coming from the south was a car then approaching Dounton street, next west of Juniata street. According to his observation and experience, extending over a period of several years, that was a regular stopping place for cars on the avenue. He saw two women standing on the cartway of the avenue, between the curb and the northbound track apparently waiting to board the approaching car. Dounton street was 165 feet west of Juniata street. The plaintiff, intending to cross the northbound track and then turn southward on the avenue, started his horse. Just before his horse stepped on the track he again looked both north and south. To the north no car was in his view. To the south he saw the car coming. He estimated its distance

from him to be about one hundred feet.   In this estimate he was corroborated by the testimony of a disinterested eye witness.   Before he had cleared the northbound track the car struck the rear wheel of his wagon, causing the injuries complained of.

Upon this state of facts could the learned trial judge have declared, as matter of law, the plaintiff had been guilty of contributory negligence?   We think not. Many decisions have recognized the difficulty of accurately estimating the distance of a car moving towards the observer or the speed at which it is traveling.   It is clear the plaintiff did not violate any positive rule of law.   He stopped at the house line, looked both ways, and saw nothing that in his judgment should have prevented his moving towards the track.   Just before he reached the track he looked again.   There is no mandatory rule of law that required him to refrain from crossing the track because there was an approaching car in sight.   In Connor v. Pbg. Ry. Co., 50 Pa. Superior Ct. 629, we endeavored to state the legal principle by which the relative functions of court and jury should be discharged in cases of this class.   "It is but to state a universally recognized rule, both of law and of reason, to say that a pedestrian may not undertake to cross a track in front of a visibly approaching car, running under normal conditions, without leaving himself sufficient time to clear the track before the arrival of the car.   But it is equally true that a pedestrian, desiring to cross a city street, is not prohibited either by law or reason from doing so merely because a car is approaching at some distance away although plainly in sight.   Otherwise, the streets of our cities would have to be given up exclusively to the use of the cars operated thereon.   Between these two extreme cases there must be a zone of reasonable safety within which a pedestrian may undertake to cross a street, although a car be approaching, without it being apparent that he has violated any rule either of law or common sense.   Under such circumstances, the pro-

priety of his determination to cross the street, the reasonableness of his conclusion or the lack of it, must be submitted to and passed upon by a jury. It is to be always remembered that while the approaching car is visible to the pedestrian crossing the street, he in turn is visible to the motorman operating the car, and under such circumstances there are mutual rights and obligations." Whilst it is true the defendant company has the superior right of way for its cars on its tracks, that right is not exclusive. The pedestrian, or driver of an ordinary vehicle, also has rights and in so far as these rights may conflict each must be exercised with due regard for the other.

Was the plaintiff right in his statement that when he started from the house line on Juniper street, the defendant's car was south of Dounton street, 165 feet distant? Was his judgment that of a reasonably prudent man when he determined, just as he reached the track, that the car, having only traveled about 65 feet whilst he moved from the house line to the track, was still 100 feet distant, and there was time to cross in safety? The verdict has answered these questions in his favor. There was, therefore, no such clear and convincing evidence of his negligence as would have warranted the trial judge in refusing to submit the case to the jury.

The judgment is affirmed.