## Emmelt *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobiles—Trolley cars—Case for jury.*

In an action of trespass to recover damages for personal injuries it appeared that the plaintiff's truck was struck at a street intersection by the trolley car of the defendant. It was also established that the plaintiff as he approached the street intersection observed the trolley car approaching at a distance of two hundred fifty feet, and that before he could clear the tracks it struck his truck. It was also proven that the plaintiff's truck was in full view of the motorman, and that the speed of the car was not slackened from the time that the plaintiff saw it until his truck was hit. Under such circumstances the case was for the jury, and a verdict for the plaintiff will be sustained.

There is no rule of law which prohibited the plaintiff from crossing the track merely because a trolley car was in sight coming toward the intersection of the two streets. The plaintiff can only be charged with contributory negligence when it clearly appears that the proximity of the car was so close that a person of ordinary prudence would not have attempted to cross the track until the car had stopped or had made the crossing.

418        EMMELT *v.* P. R. T. CO., Appellant.

Argued October 13, 1926.   Appeal No. 83, October
T., 1926, by defendant, from judgment of Municipal
Court of Philadelphia County, January T., 1925, No.
148, in the case of William J. Emmelt v. Philadelphia
Rapid Transit Company.   Before PORTER, P. J., HEND-
ERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.
Affirmed.

Trespass   for   damages   to   automobile.   Before
CASSIDY, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $346.50, and judg-
ment thereon.   Defendant appealed.

*Error assigned*, among others, was refusal of de-
fendant's motion for judgment non obstante veredicto.

*John V. Lovitt*, for appellant.

*Nathaniel Shapiro*, for appellee.

OPINION BY HENDERSON, J., December 15, 1926:

The verdict must be accepted as establishing the
facts and reasonable inferences deducible therefrom
developed in support of the action, as the appellant
asked for judgment in its favor non obstante vere-
dicto.   The street car was moving eastwardly on Vine
Street while the plaintiff was driving northwardly on
53rd Street.   He had a right to cross the street in
the exercise of the due care required in the circum-
stances.   No rule of law prohibited the plaintiff from
crossing the track merely because a trolley car was in
sight coming toward the intersection of the two streets.
The plaintiff can only be charged with contributory
negligence when it clearly appears that the proximity
of the car was so close that a person of ordinary pru-
dence would not have attempted to cross the street

car track until the car had stopped or had made the crossing. When the plaintiff passed the south line of Vine Street the trolley car was about two hundred and fifty feet west of the curb line of 53rd Street; the driver of the truck saw the car, sounded his horn and continued to observe the car's movement; when he was about to enter the track the car was about one hundred and twenty-five feet away; when he entered the track it was from seventy-five to ninety feet from the curb line. The truck was twenty-five or twenty-six feet in length and all of it except about seven feet of the rear had cleared the crossing when the collision took place. The rapid speed of the car was not slackened from the time the plaintiff saw it until the truck was struck. The truck was within the view of the motorman and it was his duty to exercise care. The plaintiff was not bound to anticipate the negligent management of the car, his responsibility being to avoid injury by cars operated in a proper way: Dunn v. Philadelphia Rapid Transit Co., 244 Pa. 176; McLoughlin v. Philadelphia Rapid Transit Co., 65 Pa. Superior Ct. 284; Welsh v. Philadelphia Rapid Transit Co., 63 Pa. Superior Ct. 143. The application of the rule stated depends on the facts of the particular case and it is a question for the jury whether the plaintiff should have refrained from attempting the crossing because of the imminent risk, unless his default clearly appears. The jury might well have concluded from the evidence that there was ample time for the plaintiff to have cleared the track if reasonable care had been exercised by the motorman in approaching the crossing. A consideration of all the evidence satisfies us that the case was properly submitted to the jury.

The judgment is affirmed.