Reitmeir *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 11, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John V. Lovitt,* and with him *J. J. K. Caskie,* for appellant.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellee.

OPINION BY GAWTHROP, J., December 13, 1928:

The accident which gave rise to this action occurred at the intersection of Pine Street and 60th Street in the City of Philadelphia, late in the morning of April 10, 1926. The plaintiff and one Koerner occupied the driver's seat of a five ton automobile truck, twenty-four feet in length, which was being used by them in transporting a load of household goods eastwardly on Pine Street toward 60th Street. Pine Street is forty feet wide at that point. The record does not disclose the width of 60th Street, but there are double street car tracks upon it. Koerner was driving and the plaintiff, seated on his left, was holding a flower pot between his feet on the floor. When the truck was at the house line of 60th Street, the plaintiff saw the defendant's trolley car standing just north of the north house line of Pine Street. He reached down to hold the flower pot while the truck crossed the tracks on 60th Street. Suddenly he observed that the truck was turning to the right down 60th Street and the front of the car struck the left front fender and wheel of the truck and stopped ten or twelve feet ahead of it. The driver testified that he was running about ten miles an hour. When he got about to the house line of 60th Street, he saw the car had stopped about ten or fifteen feet north of the north house line and noticed that the motorman was not looking toward the truck, but was looking down in front of him at the signal light which is controlled by the back door of the car. He continued: "I saw that he didn't see me and the only thing I could do instead of getting hit in the center of the truck was to turn down 60th Street. I turned south on 60th Street."

Q. How far south on 60th Street did you get before the collision?

A. The wheel base of the truck was so big that I couldn't make a complete turn as sharp as I might do with a smaller automobile, and my right hand wheel was caught on the curb at the corner.

Q. What part of your truck and the trolley car came in contact?

A. The fender and the hub of the left wheel.

Q. The fender and hub of the left wheel of your truck?

A. Yes.

Q. And what part of the trolley car?

A. The front of the trolley car.

A witness, Connor, testified: "The trolley car was travelling south and this truck going east was practically ready to go on the track when I suppose he saw this car coming and he turned to his right going south to avoid it." The version of the witnesses for the defendant was that the truck ran into the rear of the trolley car when the latter was nearly across Pine Street.

The sole question presented for our consideration is whether the court below erred in refusing to grant a non-suit and to enter judgment non obstante veredicto, the contention being that the evidence not only failed to establish the defendant's negligence but that plaintiff was guilty of contributory negligence as matter of law. We cannot hold that the case should have been taken from the jury. The question, who was responsible for the accident, if anyone, depended upon the credibility of witnesses and the inferences to be drawn from their testimony. We think the evidence warrants a finding that the motorman was negligent in starting the car and failing to control it when he could see that the truck was committed to the crossing of the tracks and in a position of danger. It also supports a finding that neither the driver of the truck nor the plaintiff were negligent. Having arrived at the crossing when the trolley car was

stopped, the driver of the truck was not bound to wait until it passed, if he had reasonable grounds for believing that the crossing could be made with safety. He had a right to assume that when he had committed himself to the crossing the motorman would exercise reasonable care and would not run into him. See Gearhart v. Logan Valley Elec. Ry., 93 Pa. Superior Ct. 503. Where the evidence and the legitimate inferences which may be drawn therefrom are not clear beyond peradventure, it is the province of the jury to pass on the evidence submitted: Suchy v. Buffalo & L. Erie T. Co., 283 Pa. 533. If the inference of negligence can be with reasonable probabilities drawn, it is within the power of the jury to do so: Caplan v. P. R. T. Co., 92 Pa. Superior Ct. 251.

The contention that plaintiff was guilty of contributory negligence as matter of law is grounded upon the legal principle announced in Griffiths v. Lehigh Valley Transit Co., 292 Pa. 489, and kindred cases, that where a person riding in a vehicle is engaged with the driver in a common enterprise and the danger is patent to both of them, he is chargeable with the contributory negligence of the driver. The argument fails because it assumes the contributory negligence of the driver of the truck, whereas that was a question for the jury. While the evidence might not have impressed us as it did the jury, we find no justification for the entry of a non-suit, or judgment non obstante veredicto.

The assignments of error are therefore overruled and the judgment is affirmed.