Hersch et ux. *v.* Phila. R. T. Co., Appellant.

Argued October 16, 1930.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Whitmore, JJ.

*Thomas B. K. Ringe,* for appellant.

*James F. Masterson,* for appellee.

Opinion by Keller, J., December 12, 1930:

The plaintiffs, Mr. and Mrs. Hersch, on the evening of April 1, 1928 were calling on friends at 3901 North Tenth Street, Philadelphia, the northeast corner of Tenth and Pine Streets. Defendant operates a double track street car line on Tenth Street, northbound cars using the east track, and southbound the west track. The plaintiffs left their friends' house at 10:30 o'clock and as they came down the steps defendant's south-bound car, by which they intended to travel to their home, was just turning into Tenth Street from Luzerne Street, one block north of Pine Street. Mr. Hersch went ahead and crossed the street to stop the car at Pine Street, which was a regular trolley stopping point. When Mrs. Hersch got to the curb, she saw that the car was in the middle of the block. She started to cross the street at the regular crossing place, in order to

board the car with her husband. While she was crossing the northbound track the car was about fifty feet away. When she had crossed the northbound track and had come to the dummy, the space between the tracks, she saw the car thirty to thirty-five feet away and slowing down, coming to a stop. Mr. Hersch was standing in the street on the west side of the car track holding up his hand as a stop signal. The corner was well lighted with electric lights. Seeing the car coming to a stop, apparently in answer to her husband's signal, Mrs. Hersch stepped over the first rail of the southbound track and took a step or two, when the motorman gave Mr. Hersch a grin, as if he was enjoying the joke of leaving him stand there, put on the power and the car shot ahead, hitting and injuring Mrs. Hersch.

This brief statement of the testimony of the plaintiffs justified the submission of the case, including the questions as to the defendant's negligence and the plaintiff's contributory negligence, to the jury and warranted the resultant verdicts and judgments in favor of the plaintiffs. See Welsh v. Phila. R. T. Co., 63 Pa. Superior Ct. 143.

The case does not require further discussion of the facts or of the law applicable to them.

We do not think the court's charge was incorrect or unfair in its statement of the testimony. The evidence did not warrant an unqualified affirmation of defendant's second point.

The court below did not regard the verdict in favor of the husband excessive and, in view of the evidence that his wife's disability would continue for several years longer, we see no reason to justify any interference by this court.

The judgments are affirmed.