Feldman *v.* Phila. R. T. Co., Appellant.

Argued September 29, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*J. A. M. McCarthy,* and with him *Bernard J. O'Connell,* for appellant.

*Lewis Earl Weiss,* for appellee.

OPINION BY KELLER, J., November 21, 1932:

This case was tried on a wrong theory in the court below. The trial judge, sitting without a jury, applied to the defendant street railway company, which had a superior right of way on Arch Street, the rule in the Motor Vehicle Code (Act of May 1, 1929, P. L. 905) applicable to two motor vehicles approaching each other at an angle at a street intersection, viz., that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right (Sec. 1013-a). It does not apply to a street car: Dopler v. Pittsburgh Rys. Co., 307 Pa. 113, 119, 120, 160 Atl. 592.

The judge therefore concluded that because the automobile in which plaintiff was riding was coming south on Nineteenth Street at the motorman's right, the latter was negligent because he did not yield the right of way to the automobile.

The other ground of negligence relied on was that the motorman rang no bell. As the plaintiff testified that they saw the trolley car coming when they were at the house line of Arch Street, the failure to ring a bell or gong was not negligence contributing to the accident.

Plaintiff testified that the driver of the automobile came almost to a full stop at the north house line of Arch Street. This was eighteen feet distant from the roadway and twenty-eight feet from the track. With an ordinary automobile he would have to travel at least forty-eight feet to clear in safety the track on which the trolley car was approaching. At that time he said defendant's car was fifty feet east of the house line of Nineteenth Street (which is twelve feet east of the roadway); that the latter did not stop at Nineteenth Street but continued across "pretty fast." This was too close for a prudent man, whose car had come almost to a full stop, to attempt the crossing ahead of the trolley car, for it would almost certainly be run into by the trolley unless the latter stopped and allowed it to precede notwithstanding the dominant right of passage in the street car.

Now the motorman was no more bound to anticipate that the driver of the automobile would be negligent, than, as asserted by the appellee, the driver of the automobile was bound to anticipate that the motorman would be negligent.

Having the dominant right of passage he was not bound to anticipate that an automobile, which had come almost to a full stop, would so quicken its speed as to dash in front of him, while he was where he had a right to be. He had a right to think that the driver

would act as a reasonably prudent man would act, and stop his automobile before putting himself in danger.

There is no proof that the trolley car was going at a negligent rate of speed, or that it accelerated its speed after the driver of the automobile came to the house line; the shortness with which the trolley car came to a stop after the accident negatives any such conclusion.

We are of opinion that the negligence of the motorman was not sufficiently proved to justify a judgment against the defendant.

The negligence of the driver of the automobile was clearly established. There is some force in the suggestion that the plaintiff sitting in the front seat with him should have made some protest against his attempt to cross in front of the moving trolley car. If he was able to divine the driver's intention to cross soon enough to have prevented it, he should have protested. If it happened so quickly that he had not time to protest, he cannot convict the motorman of negligence because he did not divine it in time either.

The assignments of error are sustained. The judgment is reversed and is now entered in favor of the defendant.